UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-0301(1) (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Domonick Deshay Wright, a/k/a Freaky, | |
| Defendant. | |

This matter is before the Court on the May 23, 2018 Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz. (Dkt. 121.) The R&R recommends denying Defendant Domonick Deshay Wright's motion to suppress evidence obtained from Wright's person and vehicle and denying Wright's motion to sever his trial from that of his co-defendants. Wright filed objections to the R&R, and the United States responded. For the reasons addressed below, the Court overrules Wright's objections and adopts the R&R.

## BACKGROUND[1]

On August 18, 2017, Brooklyn Center Police Officer Ryan Soliday was surveilling a high-crime area of Brooklyn Park, Minnesota. Officer Soliday saw a Dodge Charger and a Chevrolet Impala pull into a secluded section of a parking lot and park so that the driver's-side windows of the vehicles faced each other. The two drivers then rolled down their windows and engaged in what appeared to be a hand-to-hand transaction, although

---

[1] The relevant factual and procedural background is addressed in detail in the R&R and need not be repeated at length.

Officer Soliday could not determine what, if anything, was exchanged. Shortly thereafter, a minivan entered the parking lot and parked on the other side of the Charger. A passenger emerged from the minivan and got into the Charger, then returned to the minivan, after which all three vehicles departed. Believing that he had observed a drug transaction, Officer Soliday radioed a request for traffic stops of the vehicles and began following the Impala.

Officers subsequently stopped the Impala, which was driven by Wright. Officer Soliday approached the Impala and directed Wright, who was visibly nervous and breathing heavily, to step out of the vehicle. Wright refused. Officer Soliday repeated the direction 10 to 15 times before drawing his taser. Wright then stepped out of the car and immediately was arrested for obstructing legal process. A search of Wright yielded thousands of dollars in cash and a small bag that contained a substance that appeared to be cocaine. Officer Soliday saw in plain view on the driver's-side floor of the car a small plastic bag commonly used as a receptacle for drugs. The officers then searched the vehicle and recovered a handgun, several bags that contained a substance that appeared to be heroin, a scale covered in a substance that appeared to be drug residue, and cash.

A grand jury returned an indictment charging Wright with one count of conspiracy to possess firearms in furtherance of a drug-trafficking crime, one count of conspiracy to distribute heroin, one count of possession with intent to distribute heroin, one count of possession of a firearm in furtherance of a drug-trafficking crime, and two counts of possession of a firearm by a felon. Wright now moves to suppress the evidence obtained during the searches of his person and his vehicle, arguing that neither his arrest nor the

search of his vehicle was supported by probable cause. He also moves to sever his trial from that of his co-defendants. The R&R recommends denying both motions.

## ANALYSIS

I. **The Motion to Suppress**

The Fourth Amendment to the United States Constitution guarantees the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. Evidence obtained during a search or seizure that violates the Fourth Amendment must be suppressed. *Segura v. United States*, 468 U.S. 796, 804 (1984).

Wright objects to the recommendation to deny his motion to suppress on two grounds. First, he argues, his arrest was unlawful, therefore, the search of his person was not incident to a lawful arrest, and, second, the search of his vehicle was not supported by probable cause. The Court reviews Wright's objections de novo. *See* 28 U.S.C. § 636(b)(1)(C); *accord* LR 72.2(b)(3).

A. **The Search of Wright's Person**

Wright asserts that the search of his person violated the Fourth Amendment because Officer Soliday lacked reasonable suspicion to justify an investigatory stop of Wright's vehicle and had no lawful basis for ordering Wright to step out of the vehicle. Wright also argues that Officer Soliday lacked probable cause to arrest Wright for obstructing legal process.

1. **Reasonable Suspicion**

"An investigatory stop is permissible under the Fourth Amendment if supported by reasonable suspicion." *Ornelas v. United States*, 517 U.S. 690, 693 (1996). Reasonable suspicion requires a "particularized and objective basis for suspecting legal wrongdoing"

that is based on the totality of the circumstances. *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks omitted). Although reasonable suspicion must be more than a hunch, "the Fourth Amendment only requires that police articulate some minimal, objective justification for an investigatory stop." *United States v. Fuse*, 391 F.3d 924, 929 (8th Cir. 2004). And, as a matter of course, a police officer may order the driver of a lawfully stopped car to exit the car. *Maryland v. Wilson*, 519 U.S. 408, 410 (1997) (citing *Pennsylvania v. Mimms*, 434 U.S. 106 (1977)).

Wright contends that, because Officer Soliday could not determine that money and drugs changed hands during the alleged transaction in the parking lot, Officer Soliday did not have reasonable suspicion to detain Wright for an investigatory stop. Consequently, Wright maintains, Officer Soliday was not justified in ordering Wright out of his vehicle. But the totality of the circumstances may support a reasonable suspicion of criminal activity even if an officer does not observe a drug exchange. *United States v. Coleman*, 603 F.3d 496, 500 (8th Cir. 2010). Based on the nature and location of the interaction between the occupants of the three vehicles that Officer Soliday observed, there was reasonable suspicion to detain Wright for an investigatory stop. *See id.*; *see also United States v. Williams*, 139 F.3d 628, 630 (8th Cir. 1998) (determining that an investigatory stop was supported by reasonable suspicion after an officer observed the defendant engage in an apparent drug transaction, even though the officer was not certain of the nature of the items exchanged). Because the vehicle was lawfully stopped, Officer Soliday's order requiring Wright to step out of the vehicle did not violate the Fourth Amendment. *See Mimms*, 434 U.S. at 111. For this reason, any argument that an independent basis was required to justify Officer Soliday's order that Wright step out of the vehicle is unavailing.

Neither the investigatory stop of Wright's vehicle nor Officer Soliday's order directing Wright to step out of the vehicle violated Wright's Fourth Amendment right to be free from an unreasonable seizure.

### 2. Probable Cause

Wright next argues that he was arrested without probable cause for obstructing legal process. Because Officer Soliday's search of Wright's person was not constitutionally permissible, Wright contends, the evidence obtained from the search must be suppressed.

Although the Fourth Amendment generally prohibits warrantless arrests, "[a] warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause." *Amrine v. Brooks*, 522 F.3d 823, 832 (8th Cir. 2008). "Probable cause exists when the totality of the circumstances shows that a prudent person would believe that the arrestee has committed a crime." *Id.* The probable-cause inquiry is not limited to the offense identified by an officer at the time of an arrest, however. "[E]ven if an officer invokes the wrong offense at the time of an arrest, probable cause for the arrest still exists as long as the facts known to the officer would provide probable cause to arrest for the violation of some other law." *United States v. Demilia*, 771 F.3d 1051, 1054 (8th Cir. 2014) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153-56 (2004)). As long as the arresting officer has trustworthy information that would lead a prudent person to believe that the suspect has committed a crime, the arrest is supported by probable cause and is permissible under the Fourth Amendment. *See United States v. Webster*, 625 F.3d 439, 442 (8th Cir. 2010). Therefore, the analysis of Wright's arrest is not limited to the invoked offense of obstructing legal process.

As addressed above, the investigatory stop of Wright was supported by reasonable suspicion because Wright's conduct in the parking lot was consistent with participation in a drug transaction. Here, after pulling Wright over based on the alleged transaction in the parking lot, Officer Soliday observed that Wright was extremely nervous and breathing very heavily. Wright also repeatedly refused to exit his vehicle, doing so only after Officer Soliday drew his taser. Taken together with the alleged parking-lot drug transaction, the totality of these circumstances gave rise to probable cause to arrest Wright for drug-related criminal activity. *See United States v. Patrick*, 776 F.3d 951, 955 (8th Cir. 2015) (noting that reasonable suspicion can develop into probable cause when additional information arises). Thus, Wright's arrest was lawful because it was supported by probable cause that Wright had committed a drug-related crime. *See Williams*, 139 F.3d at 630 (determining that feeling a bulge in the pocket of a defendant who had been seen participating in a suspected drug transaction was enough to convert reasonable suspicion into probable cause).

Incident to a lawful arrest, an officer may conduct a search of the arrestee's person and the area within the arrestee's immediate control without contravening the arrestee's Fourth Amendment rights. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). Because Wright's arrest was lawful, the ensuing search of Wright's person was constitutionally permissible as a search incident to a lawful arrest. Accordingly, Wright's objection is overruled as to suppression of the evidence uncovered through the search of his person.

**B.     The Search of Wright's Car**

Wright next objects to the R&R's determination that the automobile exception permitted the warrantless search of his vehicle. The automobile exception to the Fourth

Amendment's warrant requirement allows an officer who has lawfully stopped a vehicle to conduct a warrantless search of that vehicle "if probable cause exists to believe that contraband or evidence of criminal activity is located inside." *United States v. Caves*, 890 F.2d 87, 89 (8th Cir. 1989). "Probable cause for a search under the automobile exception exists if the facts and circumstances known to the officers when they began the search were sufficient in themselves for a person of reasonable caution to believe that contraband or evidence of criminal activity was present in the vehicle." *United States v. Walker*, 840 F.3d 477, 483 (8th Cir. 2016). Wright's participation in the alleged parking-lot transaction, his conduct after being pulled over, and the cash and substances found on his person were sufficient for a person of reasonable caution to believe that further evidence of criminal drug activity was present in Wright's vehicle. Therefore, Wright's objection is overruled as to the suppression of the evidence obtained during the search of his vehicle.

## II. Motion to Sever

Because Wright did not object to the R&R's recommendation to deny his motion to sever his trial from that of his co-defendants, the Court reviews this portion of the R&R for clear error. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001); *accord Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having reviewed this portion of the R&R, the Court finds no clear error.

**ORDER**

Based on the R&R and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Domonick Deshay Wright's objections to the R&R, (Dkt. 126), are **OVERRULED**.

2. The May 23, 2018 R&R, (Dkt. 121), is **ADOPTED**.

3. Wright's Motion to Suppress Evidence Obtained by Search and Seizure, (Dkt. 71), is **DENIED**.

4. Wright's Motion to Sever Defendant, (Dkt. 72), is **DENIED**.


Dated: August 3, 2018             s/Wilhelmina M. Wright
                                                               Wilhelmina M. Wright
                                                                United States District Judge