UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 17-cr-0301 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Domonick Deshay Wright (1), | |
| Defendant. | |

This matter is before the Court on Plaintiff United States of America's motion for an order recognizing that Defendant Domonick Deshay Wright has waived the attorney-client privilege with respect to his former counsel, F. Clayton Tyler, as it pertains to the allegations in his pending motion to vacate his conviction and sentence under Title 28, United States Code, Section 2255. (Dkt. 376.) For the reasons addressed below, the motion is granted.

When a criminal defendant alleges that he or she received ineffective assistance of counsel and puts the defendant's communications with defense counsel at issue, the defendant waives the attorney-client privilege with respect to those communications. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); *see also United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) ("Voluntary disclosure of attorney client communications expressly waives the

privilege."). Consequently, when a defendant advances an ineffective-assistance-of-counsel claim in a Section 2255 motion, courts expressly recognize that, in doing so, the defendant waives the attorney-client privilege as to the allegations made in the motion. *See, e.g.*, *United States v. Penoncello*, No. 15-cr-0120, Dkt. 143 (D. Minn. Feb. 7, 2018); *United States v. Smith*, No. 12-cr-0017, Dkt. 136 (D. Minn. Apr. 26, 2017); *United States v. Vennes*, No. 11-cr-0141, Dkt. 379 (D. Minn. Oct. 15, 2014).

Wright's Section 2255 motion contends, among other things, that his former counsel provided him ineffective assistance by failing to effectively investigate and litigate Wright's motion to suppress evidence and by failing to file an appeal as requested by Wright. In doing so, Wright places at issue his communications with his former counsel about the investigation and litigation of Wright's suppression motion and the filing of an appeal. Because Wright has placed all communication with his former counsel about these matters at issue and the Court ordered the United States to respond to Wright's allegations, the Court now recognizes Wright's waiver of the attorney-client privilege with respect to his allegations.

Based on the foregoing analysis and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff United States of America's motion to recognize Defendant Domonick Deshay Wright's waiver of attorney-client privilege, (Dkt. 376), is **GRANTED** as to the subject matter of the allegations in Wright's Section 2255 motion.

Dated: July 9, 2020                              s/Wilhelmina M. Wright
                                                 Wilhelmina M. Wright
                                                 United States District Judge